# CIRCUIT COURT OF BALTIMORE CITY

Filed March 17, 1891.

SAVINGS BANK OF BALTIMORE
VS.
JAMES CONLEY AND LOUISA C. CONLEY.

*L. M. Reynolds* and *A. Sterling* for plaintiffs.

*E. Otis Hinkley* and *Maurice Gregg* for defendants.

DENNIS, J.—

This is not a case in which the doctrine that the *call* contends courses and distances applies; but a case of an

inconsistency in the call itself, arising from a palpable mistake in a part of the call. Now the intention of the parties must control as to the description as well as to the other parts of the deed, and their interpretation of the description made at the time as shown by the erection of the buildings and continued for over fifty years, must be accepted as correct.

If there was doubts upon the point, however, it has been fully cured by the confirmatory proceedings already had in this Court. As, however, these proceedings might fairly have been insisted upon by the purchasers as matter of caution and the propriety of instituting them has been recognized by the counsel for the bank. I think that the costs which have been incurred in the case upon exceptions ought to be borne by the bank. The general rule is that when a ratification takes place it relates back to the day of sale, and the rights of the parties are determined as of that date.

The purchasers being entitled to the rents and profits, and the seller to interest upon the purchase money, from that date. But as the Bank, by the admission of counsel, has been in possession of the property and in receipt of the rents and profits from the day of sale, and in view of the long delay in making title to the purchasers. I think it fair to leave the parties as they stand and to charge interest upon the purchase money only from the date of ratification of the sale.